IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ROBERT CORBIN III,** <br><br> Defendant. | Criminal No. **25-cr-000105 (JEB)** <br><br> Hon. James E. Boasberg |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.    ELEMENTS OF THE OFFENSE**

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm or ammunition;

2. That the firearm or ammunition had been shipped and transported in interstate commerce; and,

3. That, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

**II.   PENALTIES FOR THE OFFENSE**

The penalty for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) is as follows:

    1.    a maximum term of imprisonment not greater than 15 years;

    2.    a fine not to exceed $250,000;

    3.    a term of supervised release of not more than three years, after any period of incarceration; and

    4.    a special assessment of $100.

## III.    STATEMENT OF OFFENSE

On March 21, 2025, at approximately 8:25 PM, Officers of the Metropolitan Police Department (MPD) Third District were conducting patrols, wearing full MPD uniform in fully marked cruisers. At approximately 8:25 PM, officers responded to the common area of a housing complex located near 107 Q Street Northwest for reports of individuals gambling with firearms present. An officer approached Mr. Corbin and observed that he was holding what appeared to be and smelled like a marijuana cigarette and an open red cup that smelled of tequila. The officer also observed that Mr. Corbin was carrying a blue duffel bag.

The officer asked Mr. Corbin if he had any additional marijuana in the bag or guns on him, which Mr. Corbin denied. As the officer patted Mr. Corbin down, he felt a hard object in Mr. Corbin's waistband consistent with a concealed firearm. Another officer recovered the firearm from Mr. Corbin's waistband.

Upon inspection, the firearm was identified as a Glock 19 9 millimeter bearing serial number BNYV328 and loaded with one bullet in the chamber and an additional nineteen rounds in a large-capacity magazine. The firearm was equipped with a laser sight and modified with a converter switch, which is also commonly referred to as a "giggle switch."

A "giggle switch" converts a traditional handgun into a fully automatic handgun or machine gun. Later ATF testing of the firearm confirmed that the "giggle switch" functioned as intended, such that the firearm containing the "giggle switch" that was recovered from Mr. Corbin's person is a "machinegun" as defined in 18 U.S.C. § 921(a)(24) and also a "firearm" as defined in 26 U.S.C. § 5845(a)(6).

Search incident to arrest of the blue duffel bag on Mr. Corbin's person recovered a thirty-one (31) round capacity magazine that was loaded with seventeen (17) rounds of 9-millimeter ammunition.

At the time of the offense, Mr. Corbin had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2017-CF3-006093. Mr. Corbin knew that the crimes were punishable by a term exceeding one year because he had, in fact, received a sentence exceeding one year.

No firearms or ammunition are manufactured within the District of Columbia and therefore the recovered firearm and ammunition traveled in and affected interstate commerce.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime.

                 Respectfully submitted,

                 JEANINE FERRIS PIRRO
                 UNITED STATES ATTORNEY

By:   */s/ Emily Reeder-Ricchetti*
     EMILY REEDER-RICCHETTI
     Special Assistant United States Attorney
     DC Bar No. 252710
     United States Attorney's Office

601 D. Street, NW<br>
Washington, DC 20579<br>
202-834-0553<br>
Emily.reeder-ricchetti2@usdoj.gov

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 6\6\25

Robert Corbin III
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: June 6, 2025

Attorney for Defendant